UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EARL VANTREASE, JR. | ) | |
| | ) | |
| v. | ) | No. 3:14-00728 |
| | ) | CHIEF JUDGE SHARP |
| SHARON TAYLOR, Warden | ) | |

## ORDER

Pending before the Court is a Report and Recommendation issued by the Magistrate Judge (Docket No. 79), and the Petitioner's objections thereto (Docket No. 83). Through the Report and Recommendation, the Magistrate Judge recommends the following: (1) that the requirement in the order of referral to hold an evidentiary hearing be rescinded because an evidentiary hearing is unnecessary; (2) that Respondent's Motion To Dismiss (Docket No. 6) be granted; (3) that Petitioner's Amended Petition (Docket No. 70) be denied, and this action be dismissed with prejudice; (4) that any appeal not be certified as taken in good faith; and (5) that all other pending motions be terminated as moot.

The Report and Recommendation concludes that the Petitioner's Amended Petition should be dismissed because it was not filed within the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), and equitable tolling is unwarranted. Alternatively, the Report and Recommendation concludes that Petitioner's eight claims should be dismissed on various procedural grounds. The Petitioner has filed objections to both determinations.

The Court concludes that Petitioner's claims, with the exception of Claims 6 and 8 discussed below, should be dismissed on the procedural (non-statute-of-limitations) grounds discussed in the Report and Recommendation, and ADOPTS AND APPROVES the Report and

Recommendation in that regard. Accordingly, the Court finds it unnecessary to consider Petitioner's objections to the Magistrate Judge's statute of limitations analysis.

As for the Petitioner's other objections, the Petitioner challenges the Magistrate Judge's determination that Claim 6 should be dismissed on procedural grounds. Through Claim 6, the Petitioner argues that the state court issued its judgment imposing sentence on him without providing him with notice or counsel for his defense. (Docket No. 71, at 44-50). As the Magistrate Judge explained, and the record indicates, the Petitioner was sentenced to 16 years for aggravated robbery by Judge Leon Burns in the Criminal Court for Putnam County at a hearing held on July 25, 2003. (Docket No. 79, at 7-8). Although the "Sentence-imposed date" on the judgment form was July 25, 2003, the judgment was not entered on that date. (*Id.*) After sentencing, the Petitioner filed a motion for new trial, which was denied on April 6, 2004. (*Id.*) On May 4, 2004, the Petitioner signed a written waiver of his right to appeal his conviction and sentence. (*Id.,* at 8-9). On June 21, 2004, the Petitioner was released from prison in error. (*Id.*, at 9).

On December 20, 2005, the Petitioner's July 25, 2003 judgment was filed by the Putnam County clerk of court. (*Id.*) Judge Burns entered an order to issue *capias* on December 16, 2005, which was filed on December 20, 2005, directing that the Petitioner be taken into custody to serve his sentence. (*Id.*) It is this order that Petitioner claims was issued in violation of his due process rights and right to counsel. None of the case law cited by the Petitioner, however, supports the claim that a criminal defendant who is provided with counsel and due process rights at sentencing is entitled to a separate hearing and right to counsel when the sentencing judgment is entered. This conclusion is especially true in the case of a defendant, like the Petitioner here,

who has already waived his right to appeal when the judgment is entered. Accordingly, the Court concludes that Petitioner's Claim 6 should be dismissed on the merits.

Next, Petitioner challenges the Magistrate Judge's determination that Claim 8 should be dismissed on procedural grounds. Through Claim 8, the Petitioner argues that his state sentence has been miscalculated by the Tennessee Department of Correction ("TDOC") in violation of due process. (Docket No. 71, at 55-56). Petitioner contends that the calculation is inaccurate because his 16-year sentence in Case No. 02-0666 was to begin on June 21, 2004 when his prior sentences expired, and therefore, his release eligibility date should be June 18, 2020.

The documentation filed by the Petitioner in support of his claim, however, indicates that the TDOC provided the Petitioner with the following written explanation of its calculations on August 6, 2012:

> . . . when dealing with consecutive sentences, the full expiration date of the consecutive sentence is calculated by adding the time of that sentence to the full expiration date of the first sentence. In your case, the lead sentence was case #980085, which had a full expiration date of 12/31/2005. (With credits, you flattened your time on that sentence on 6/21/2004, but the full expiration date remains the same). So, when we add the second sentence (case #020666) of 16 years to that, we come up with a date of 12/31/2021. Then we must add the 556 days of dead time which was added to case #020666. So, adding 556 days to 12/31/2021 gives you 7/10/2023, which is your full expiration date for case #020666. In addition, you have another consecutive sentence – case #2008A384, which is a 4 year sentence. Again looking at full expiration dates, when we add 4 years to 7/10/2023, we have a full expiration date of 7/10/2027. When we add up all the credits you have earned on all consecutive cases (558 days on case #98085 + 234 on case #020666) we have a total of 792 total days. Subtract 792 days from 7/10/2027 and you end up with a current expiration date of 5/09/2025. This date will continue to move as you earn additional credits.

(Docket No. 71-1, at 43, 48).

The Petitioner has not established that the TDOC calculations violate his due process rights, or otherwise are in error. Thus, the Court concludes that Petitioner's Claim 8 should be

dismissed on the merits.

As a general objection, the Petitioner complains that the Magistrate Judge is biased against him. That allegation is not borne out by the record, as the Magistrate Judge's rulings clearly appear to be based on the law and judicially-determined facts.

In summary, the Court holds that the requirement in the order of referral to hold an evidentiary hearing is rescinded because an evidentiary hearing is unnecessary; Respondent's Motion To Dismiss (Docket No. 6) is granted as set forth herein; and Petitioner's Amended Petition (Docket No. 70) is denied, and this action is dismissed with prejudice.

This Order shall constitute the judgment in this case pursuant to Fed. R. Civ. P. 58.

Should the Petitioner give timely notice of an appeal from this Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. <u>Castro v. United States</u>, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

*Kevin H. Sharp*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE